Donna M. Mezias (State Bar No. 111902)        **\*E-FILED 06-09-2010\***
dmezias@jonesday.com
Amanda M. Ose (State Bar No. 251757)
aose@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
HITACHI GLOBAL STORAGE TECHNOLOGIES,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **DEMETRIUS SCOTT,** | **Case No. CV 10-00376 JF** |
| **Plaintiff,** | **STIPULATED PROTECTIVE ORDER** |
| v. | **(MODIFIED BY THE COURT)** |
| **HITACHI GLOBAL STORAGE TECHNOLOGIES, INC. et al.,** | |
| **Defendants.** | |

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the prosecution and resolution of this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 8, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the

standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1     <u>Challenging Party:</u>  a Party or Non-Party that challenges the designation of information or items under this order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ. P. 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staffs).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items as "Confidential" pursuant to this Stipulated Protective Order.

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or provided in connection with the resolution, including the administration of any settlement, of this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7     <u>House Counsel</u>: attorneys who are employees of a Party to this action.

2.8     <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10   Party: any party to this action, including all of the officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of the Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

1    court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of

2    all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

3    after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

4    action, including the time limits for filing any motions or applications for extension of time

5    pursuant to applicable law. **For a period of six months after the final disposition of this action,
     this court will retain jurisdiction to enforce the terms of this order.**

6    5.       DESIGNATING PROTECTED MATERIAL

7           5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

8    or Non-Party that designates information or items for protection under this Order must take care

9    to limit any such designation to specific material that qualifies under the appropriate standards.  A

10   Designating Party must take care to designate for protection only those parts of material,

11   documents, items, or oral or written communications that qualify, so that other portions of the

12   material, documents, items, or communications for which protection is not warranted are not

13   swept unjustifiably within the ambit of this Order.

14          Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15   shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

16   unnecessarily encumber or retard the case development process, or to impose unnecessary

17   expenses and burdens on other parties), expose the Designating Party to sanctions.

18          If it comes to a Designating Party's attention that information or items that it designated

19   for protection do not qualify for protection at all, or do not qualify for the level of protection

20   initially asserted, that Designating Party must promptly notify all other parties that it is

21   withdrawing the mistaken designation.

22          5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

23   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

24   material that qualifies for protection under this Order must be clearly so designated before the

25   material is disclosed or produced.

26          Designation in conformity with this Order requires:

27               (a)    for information in documentary form (apart from transcripts of depositions

28   or other pretrial or trial proceedings), that the Producing Party affix the legend

"CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g. by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be treated as "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g. by making appropriate markings in the margins).

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or Non-Party offering or sponsoring the testimony identify any portions of the testimony that qualify as "CONFIDENTIAL" either on the record before the close of the deposition, hearing, or other proceeding, or within 20 days after receipt of the transcript.

Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".

1    If only a portion or portions of the information or item warrant protection, the Producing Party, to

2    the extent practicable, shall identify the protected portion(s).

3         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

4    designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive

5    the Designating Party's right to secure protection under this Order for such material.  If material

6    is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

7    Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

8    that the material is treated in accordance with the provisions of this Order.

9    6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

10        6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

11   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

12   designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic

13   burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right

14   to challenge a confidentiality designation by electing not to mount a challenge promptly after the

15   original designation is disclosed.

16        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

17   process by providing written notice of each designation it is challenging and describing the basis

18   for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

19   notice must recite that the challenge to confidentiality is being made in accordance with this

20   specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

21   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

22   forms of communication are not sufficient) within 14 days of the date of service of notice.  In

23   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

24   designation was not proper and must give the Designating Party an opportunity to review the

25   designated material, to reconsider the circumstances, and, if no change in designation is offered,

26   to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

27   stage of the challenge process only if it has engaged in this meet and confer process first or

28

STIPULATED PROTECTIVE ORDER                                          CASE NO. CV 10-00376 JF

1   establishes that the Designating Party is unwilling to participate in the meet and confer process in

2   a timely manner.

3       6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court

4   intervention, the Challenging Party shall file and serve a motion under Civil Local Rule 7 (and in

5   compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of

6   challenge or within 14 days of the parties agreeing that the meet and confer process will not

7   resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a

8   competent declaration affirming that the movant has complied with the meet and confer

9   requirements imposed in the preceding paragraph.  In addition, the Challenging Party may file a

10  motion challenging a confidentiality designation at any time if there is good cause for doing so,

11  including a challenge to the designation of a deposition transcript or any portions thereof.  Any

12  motion brought pursuant to this provision must be accompanied by a competent declaration

13  affirming that the movant has complied with the meet and confer requirements imposed by the

14  preceding paragraph.

15      The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in

17  question the level of protection to which it is entitled under the Producing Party's designation.

18  7.   ACCESS TO AND USE OF PROTECTED MATERIAL

19      7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

20  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

21  defending, attempting to settle this litigation or administering any settlement of this litigation.

22  Such Protected Material may be disclosed only to the categories of persons and under the

23  conditions described in this Order.  When the litigation has been terminated, a Receiving Party

24  must comply with the provisions of Section 13, below (FINAL DISPOSITION).

25      Protected Material must be stored and maintained by a Receiving Party at a location and

26  in a secure manner that ensures that access is limited to the persons authorized under this Order.

27

28

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(b)     the Receiving Party, including the officers, directors, employees (including House Counsel), and insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

1    8.       PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

2    LITIGATION.

3           If a Party is served with a subpoena or an order issued in other litigation that would

4    compel disclosure of any information or items designated in this action as "CONFIDENTIAL,"

5    that Party must:

6                  (a)      promptly notify in writing the Designating Party.  Such notification shall

7    include a copy of the subpoena or court order;

8                  (b)      promptly notify in writing the party who caused the subpoena or order to

9    issue in the other litigation that some or all of the material covered by the subpoena or order is

10   subject to this Protective Order.  Such notification shall include a copy of this Stipulated

11   Protective Order; and

12                 (c)      cooperate with respect to all reasonable procedures sought to be pursued by

13   the Designating Party whose Protected Material may be affected.

14          If the Designating Party timely seeks a protective order, the Party served with the

15   subpoena or court order shall not produce any information designated in this action as

16   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

17   issued, unless the Party has obtained the Designating Party's permission.  The Designating Party

18   shall bear the burden and expense of seeking protection in that court of its confidential material-

19   and nothing in these provisions should be construed as authorizing or encouraging a Receiving

20   Party in this action to disobey a lawful directive from another court.

21   9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

22   LITIGATION

23                 (a)      The terms of this Order are applicable to information produced by a Non-

24   Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-

25   Parties in connection with this litigation is protected by the remedies and relief provided by this

26   Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

27   additional protections.

28

STIPULATED PROTECTIVE ORDER                                      CASE NO. CV 10-00376 JF

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentially agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

1   11.    INADVERTENT PRODUCTION OF PRIVILIGED OR OTHERWISE PROTECTED

2   MATERIAL

3         When a Producing Party gives notice to Receiving Parties that certain inadvertently

4   produced material is subject to a claim of privilege or other protection, the obligations of the

5   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

6   provision is not intended to modify whatever procedure may be established in an e-discovery

7   order that provides for production without prior privilege review.  Pursuant to Federal Rule of

8   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

9   communication or information covered by the attorney-client privilege or work product

10  protection, the parties may incorporate their agreement in the stipulated protective order

11  submitted to the Court.

12  12.    FILING PROTECTED MATERIAL.

13        Without written permission from the Designating Party or a court order secured after

14  appropriate notice to all interested persons, a Party may not file in the public record in this action

15  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

16  with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court

17  order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local

18  Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material

19  at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the

20  law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

21  Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the

22  public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

23  13.    FINAL DISPOSITION.

24        Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

                                                     disposition
25  after the final ~~termination~~ of this action, each Receiving Party must destroy or return to the

26  Producing Party all Protected Material.  As used in this subdivision, "all Protected Material"

27  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

28  capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

STIPULATED PROTECTIVE ORDER                                      CASE NO. CV 10-00376 JF

1  the Receiving Party must submit a written certification to the Producing Party upon request (and,

2  if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies

3  (by category, where appropriate) all the Protected Material that was returned or destroyed and that

4  affirms that the Receiving Party has not, other than as authorized below in the subsequent

5  paragraph, retained any copies, abstracts, compilations, summaries or other forms of reproducing

6  or capturing any of the Protected Material.

7       Notwithstanding the provisions in the immediately preceding paragraph, Counsel are

8  entitled (i) to retain an archival copy of all documents and things produced in discovery,

9  pleadings, motion papers, transcripts, legal memoranda or correspondence, even if such materials

10 contain Protected Material, and (ii) to retain or destroy, as it chooses, any work product, even if it

11 contains Protected Material.  Any such retained material that contains or constitutes Protected

12 Material remains subject to this Protective Order as set forth in Section 4 (DURATION), above.

13 14.    MISCELLANEOUS

14      14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to

15 seek its modification by the Court in the future.

16      14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective

17 Order no Party waives any right it otherwise would have to object to disclosing or producing any

18 information or item on any ground no t addressed in this Stipulated Protective Order. Similarly,

19 no Party waives any right to object on any ground to use in evidence of any of the material

20 covered by this Protective Order.

21 ///

22 ///

23 ///

24 ///

25 //

26 ///

27 ///

28 ///

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   Dated: June 8, 2010                    JONES DAY

4
                                          By: /S/ Donna M. Mezias
5                                              Donna M. Mezias
                                          Attorneys for Defendant
6                                         HITACHI GLOBAL STORAGE
                                          TECHNOLOGIES, INC.
7
    Dated: June 8, 2010                    HIGHMAN, HIGHMAN & BALL
8

9                                         By: /S/ Louis A. Highman
                                               Louis A. Highman
10                                        Attorney for Plaintiff
                                          DEMETRIUS SCOTT
11

12
                          SIGNATURE ATTESTATION
13
         I hereby attest that I have on file all holograph signatures for any signatures indicated by a
14
    "conformed" signature (/S/) within this efiled document.
15

16  Dated: June 8, 2010                    JONES DAY

17
                                          By: /S/ Donna M. Mezias
18                                             Donna M. Mezias
                                          Attorneys for Defendant
19                                        HITACHI GLOBAL STORAGE
                                          TECHNOLOGIES, INC.
20
                       **AS MODIFIED BY THE COURT,**
21  PURSUANT TO STIPULATION, IT IS SO ORDERED.
                                        ^
22

23  DATED: _____June 9, 2010_____

24                                        Hon. ~~Jeremy Fogel~~ Howard R. Lloyd
                                          United States ~~District Court~~ Judge
25                                                          Magistrate

26

27

28

    STIPULATED PROTECTIVE ORDER                          CASE NO. CV 10-00376 JF

1

**EXHIBIT A**

2

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

3

    I, _____ [print or type full name], of _____

4

[print or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on [date] in the case of *Scott v. Hitachi GST.*, Case No. CV 10-

7

00376 JF, I agree to comply with and to be bound by all the terms of this Stipulated Protective

8

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

9

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10

manner any information or item that is subject to this Stipulated Protective Order to any person or

11

entity except in strict compliance with the provisions of this Order.

12

13

    I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14

Order, even if such enforcement proceedings occur after termination of this action.

15

16

    I hereby appoint _____ [print or type full name] of

17

_____ [print or type full address and telephone

18

number] as my California agent for service of process in connection with this action or any

19

proceedings related to enforcement of this Stipulated Protective Order.

20

Date:      _____

21

22

City and State where sworn and signed:    _____

23

24

Printed name: _____

                           [printed name]

25

Signature:     _____

26

                           [signature]

27

SFI-641905v2

28

STIPULATED PROTECTIVE ORDER

CASE NO. CV 10-00376 JF